UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ROGER GALLAGHER,

                          Plaintiff,

        -against-

ROY D'ALSAS,

                          Defendants.
----------------------------------------------------X
FEUERSTEIN, J.

05-CV-1705
(SJF)(ARL)

**OPINION & ORDER**

## I.     Introduction

     Pending before the Court is the complaint of pro se plaintiff Roger Gallagher ("plaintiff") brought pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis. For the reasons set forth below, the application to proceed in forma pauperis is granted and the complaint is dismissed sua sponte with prejudice.


## II.    Background

     Plaintiff alleges that beginning in 1960, when he was eight years old, until 1969, while he lived in Shirley, New York, defendant Roy D'Alsas (defendant), a neighbor of the same age, sexually molested him on numerous occasions. (Complaint [Compl.], ¶ IV). Plaintiff further alleges that as a result of those sexual acts, *inter alia*, he developed mental problems, which caused him to become a sex offender. (Id.) Plaintiff has previously been convicted of sexual crimes in Georgia and Nebraska, (see Sentencing Order of District Judge Icenogle, District Court

of Buffalo County, Nebraska, attached to the complaint), and he is currently incarcerated in the Omaha Correctional Center in Omaha, Nebraska.

Plaintiff seeks monetary damages in the amount of $25,000,000.00, and for the Court to order him to be placed in a facility that can provide him with mental health treatment. (Compl., ¶ V).

III.    Discussion

A.      In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that his financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

B.      Plaintiff's Pleadings

A pro se plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers . . . .'" Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). Indeed, a court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). Nonetheless, a pro se plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

2

42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> . . . subjects, or causes to be subjected, any citizen
> of the United States . . . to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured.

Thus, to state a claim under section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co. 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Plaintiff fails to allege that defendant is a state actor, or that he was acting under color of state law. Moreover, plaintiff does not allege that defendant deprived him of a constitutional right. Accordingly, plaintiff's complaint is dismissed sua sponte with prejudice. See, e.g. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); Elmasri v. England, 111 F.Supp.2d 212, 217 (E.D.N.Y. 2000).

1.      Statute of Limitations

Even assuming that plaintiff had properly alleged a cause of action pursuant to 42 U.S.C. § 1983, the complaint must be dismissed as barred by the applicable statute of limitations. Section 1983 claims are governed by New York's three year statute of limitations pursuant to N.Y. C.P.L.R. § 214(2). See, Owens v. Okure, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002), cert. denied

3

538 U.S. 922, 123 S.Ct. 1574, 155 L.Ed.2d 313 (2003). Although state tolling rules apply to section 1983 claims where they are not inconsistent with the federal policy underlying those claims, see, Board of Regents of the Univ. of the State of New York v. Tomanio, 446 U.S. 478, 484-485, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); Leon v. Murphy, 988 F.2d 303, 310 (2d Cir. 1993), federal law governs when a claim accrues. See, Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999); Leon, 988 F.2d at 309. Generally, under federal law, a claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." Covington, 171 F.3d at 121.

Plaintiff fails to allege or offer any evidence of specific conduct occurring after 1969, more than three years prior to the commencement of this action on April 4, 2005, as a basis for his section 1983 claim. Plaintiff knew, or had reason to know, as of 1969 of the conduct of which he now complains; and plaintiff knew, or had reason to know, as of December 15, 1998, when he was last convicted of a sexual offense in Nebraska, of the alleged injury resulting from the conduct of which he now complains, i.e. his propensity to be a sex offender. Since plaintiff has not provided any basis to toll the limitations period, see, Article 2 of N.Y. C.P.L.R., plaintiff's section 1983 claims are time-barred and must be dismissed with prejudice. See, e.g. Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995)(*sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred ... by the statute of limitations").

IV.    Conclusion

It is hereby

**ORDERED** that plaintiff's request to proceed in forma pauperis is granted; and it is further

**ORDERED** that plaintiff's complaint is dismissed sua sponte with prejudice and the Clerk of the Court is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this order and plaintiff's authorization form to the superintendent of the facility in which plaintiff is incarcerated; and it is further

**ORDERED** that the superintendent shall forward to the Clerk of the Court a certified copy of plaintiff's trust fund account statement for the six (6) month period immediately preceding the filing of the complaint; and it is further

**ORDERED** that the agency holding plaintiff in custody shall calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the Court.

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: April 25, 2005
Central Islip, New York

Copy to:
Roger Gallagher
51878
P.O. Box 11099
Omaha, Nebraska 68111-0099

5